**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED, | ) ) ) ) |
| Plaintiff, | ) **Case No. 12-cv-_____** ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| INTERNATIONAL SECURITIES EXCHANGE, LLC, | ) ) ) |
| Defendant. | ) ) |

# COMPLAINT

Plaintiff Chicago Board Options Exchange, Incorporated ("CBOE") files this Complaint for patent infringement against Defendant International Securities Exchange, LLC ("ISE"), and alleges as follows:

## THE PARTIES

1. CBOE is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 400 South LaSalle Street, Chicago, Illinois 60605.

2. ISE is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 60 Broad Street, New York, New York 10004. ISE is a subsidiary of Frankfurt-based Deutsche Boerse AG and is a direct competitor of CBOE.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it involves claims arising under the United States Patent Act, 35 U.S.C. § 1 *et. seq.*, as well as Article III of the Constitution.

4. ISE is subject to personal jurisdiction in this judicial district under the Illinois

Long-Arm Statute, ILCS 5/2-209, because it has engaged in, *inter alia*, electronic trading services in this judicial district that infringe the Patents-in-Suit and, as such, has submitted itself to the jurisdiction of the Illinois courts. Moreover, on information and belief, ISE's contacts with the State of Illinois are substantial, continuous, and systematic so as to subject it to general personal jurisdiction in this judicial district. For example, ISE is an owner and participant exchange of The Options Clearing Corporation ("OCC"), which is headquartered in Chicago and is the sole issuer of all standardized options contracts traded by U.S. options exchanges, including CBOE and ISE; ISE interacts with its members and customers in Chicago for thousands of trades every day, many of which are the result of infringement of the patents-in-suit; and ISE reports all of its trades to the Options Price Reporting Authority ("OPRA") located in Chicago.

     5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## PATENTS-IN-SUIT

     6.     On April 8, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,356,498 ("the '498 Patent") entitled "Automated Trading Exchange System Having Integrated Quote Risk Monitoring and Integrated Quote Modification Services" to inventors Ross G. Kaminsky, Richard A. Angell, and Gordon D. Evora. The '498 Patent relates to methods for evaluating trade parameters and automatically adjusting quotes in a trading system. A copy of the '498 Patent is attached as Exhibit 1 to this Complaint.

     7.     On July 19, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,980,457 ("the '457 Patent") entitled "Automated Trading Exchange System Having Integrated Quote Risk Monitoring and Integrated Quote Modification Services"

to inventors Ross G. Kaminsky, Richard A. Angell, and Gordon D. Evora. The '457 Patent relates to systems for evaluating trade parameters and automatically modifying received quotes. A copy of the '457 Patent is attached as Exhibit 2 to this Complaint.

8. On September 11, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,266,044 ("the '044 Patent") entitled "Automated Trading Exchange System Having Integrated Quote Risk Monitoring and Integrated Quote Modification Services" to inventors Ross G. Kaminsky, Richard A. Angell, and Gordon D. Evora. The '044 Patent relates to systems for evaluating trade parameters and automatically adjusting quotes based on the number of contracts bought or sold. A copy of the '044 Patent is attached as Exhibit 3 to this Complaint.

9. Together, the '498 patent, '457 patent, and '044 patent are referred to herein as the "Patents-in-Suit."

10. CBOE possesses the full right, title and interest to assert the Patents-in-Suit by assignment.

11. CBOE markets and offers products and services that practice the Patents-in-Suit in the United States and in this judicial district.

**BACKGROUND**

12. CBOE was formed in 1973 and is the oldest options exchange in the United States. CBOE is also the largest U.S. options exchange and the creator of exchange listed standardized options. CBOE has continuously set the bar for options trading through product innovation, trading technology and investor education. CBOE offers equity, index, and ETF options, including proprietary products such as S&P 500 Index options (SPX), the most active U.S. index option, and options on the CBOE Volatility Index (VIX). Other products engineered

by CBOE include equity options, security index options, LEAPS, FLEX options, and benchmark products, such as the CBOE S&P 500 BuyWrite Index (BXM). CBOE received numerous awards for its innovative products and is home to the world-renowned Options Institute. Its website, www.cboe.com, was named "Best of the Web" for options information and education.

13. In 2001, CBOE began extended hours screen-based trading on a system called CBOEdirect®. In 2003, CBOE launched its Hybrid Trading System that blended the strengths of traditional open-outcry trading with the efficiencies of screen-based trading.

14. Options exchanges depend on particular traders called market makers to provide quotes for options contracts that create liquidity for investors. In the late 1990's, CBOE developed a proprietary, state-of-the-art electronic options trading platform. During development, CBOE recognized that one important obstacle to integrating electronic options trading into an exchange is managing risk for the market makers. CBOE created an innovative system for managing risk called Quote Risk Monitor, or QRM, which allows market makers to control actively their risk exposure by submitting to CBOE a risk threshold. With QRM, when a market maker's risk threshold is exceeded because of quote executions, open quotes for that market maker are automatically modified to reduce their exposure.

15. Since its launch, QRM has proven to be an essential feature in the operation of fully- and partially-electronic options exchanges, including ISE. Without such systems, market makers would be exposed to unacceptable levels of risk and would therefore implement measures of protection that would drastically reduce the available liquidity in the options markets.

16. CBOE has been granted a number of critical patents covering its innovative and award-winning technology, including the Patents-in-Suit. These patents disclose and claim

electronic systems and methods for automatically adjusting quotes on the exchange based on risk parameters and are crucial to market maker participation in an exchange. ISE uses such systems and methods and in doing so infringes the Patents-in-Suit.

## COUNT I

### Cause of Action for
### Infringement of U.S. Patent No. 7,356,498

17. The allegations contained in paragraphs 1 through 16 above are repeated and realleged as if fully set forth herein.

18. Defendant directly infringes and is directly infringing at least claim 1 of the '498 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling in the United States electronic option exchange products and services that include automatic quote adjustment such as Speed Bump.

19. Defendant actively induces the infringement of at least claim 1 of the '498 Patent in violation of 35 U.S.C. § 271(b) by encouraging and/or instructing customers and members to use its electronic option exchange products and services that include automatic quote adjustment such as Speed Bump.

20. On information and belief, Defendant's infringement of the '498 Patent has been willful.

21. As a direct and proximate result of Defendant's infringement of the '498 Patent, CBOE has been and continues to be damaged.

22. Unless enjoined, Defendant will continue to infringe the '498 Patent.

## COUNT II

### Cause of Action for
### Infringement of U.S. Patent No. 7,980,457

23. The allegations contained in paragraphs 1 through 16 above are repeated and realleged as if fully set forth herein.

24. Defendant directly infringes and is directly infringing at least claim 1 of the '457 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling in the United States electronic option exchange products and services that include automatic quote adjustment such as Speed Bump.

25. Defendant actively induces the infringement of at least claim 1 of the '457 Patent in violation of 35 U.S.C. § 271(b) by encouraging and/or instructing customers and members to use its electronic option exchange products and services that include automatic quote adjustment such as Speed Bump.

26. On information and belief, Defendant's infringement of the '457 Patent has been willful.

27. As a direct and proximate result of Defendant's infringement of the '457 Patent, CBOE has been and continues to be damaged.

28. Unless enjoined, Defendant will continue to infringe the '457 Patent.

## COUNT III

### Cause of Action for
### Infringement of U.S. Patent No. 8,266,044

29. The allegations contained in paragraphs 1 through 16 above are repeated and realleged as if fully set forth herein.

30. Defendant directly infringes and is directly infringing at least claim 1 of the '044

6

Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling in the United States electronic option exchange products and services that include automatic quote adjustment such as Speed Bump.

31. Defendant actively induces the infringement of at least claim 1 of the '044 Patent in violation of 35 U.S.C. § 271(b) by encouraging and/or instructing customers and members to use its electronic option exchange products and services that include automatic quote adjustment such as Speed Bump.

32. On information and belief, Defendant's infringement of the '044 Patent has been willful.

33. As a direct and proximate result of Defendant's infringement of the '044 Patent, CBOE has been and continues to be damaged.

34. Unless enjoined, Defendant will continue to infringe the '044 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter the following relief:

A. a judgment that Defendant has directly infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a);

B. a judgment that Defendant has induced infringement the Patents-in-Suit in violation of 35 U.S.C. § 271(b);

C. a judgment permanently enjoining Defendant and its respective agents, servants, officers, directors, employees and all other persons acting in concert with it, from directly, jointly, or indirectly infringing, inducing others to infringe, or contributing to the infringement of the Patents-in-Suit;

D. a judgment awarding Plaintiff damages in an amount no less than $525,000,000

for infringement of the Patents-in-Suit, including lost profits and/or a reasonable royalty, for the use made of CBOE's inventions by Defendant;

  E. a judgment enhancing the damages in an amount up to treble the amount of compensatory damages, as provided by 35 U.S.C. § 284;

  F. a judgment awarding Plaintiff reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

  G. a judgment awarding Plaintiff interest and costs;

  H. a judgment granting Plaintiff such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

CBOE demands trial by jury on all claims and issues so triable.

Dated: November 12, 2012        Respectfully Submitted,

/s/ James R. Figliulo
James R. Figliulo (6183947)
Michael K. Desmond (6208809)
FIGLIULO & SILVERMAN, P.C.
10 S. La Salle Street
Suite 3600
Chicago, IL 60603

Steven Lieberman
Joseph Hynds
Brian A. Tollefson
ROTHWELL, FIGG, ERNST & MANBECK, PC
607 14th Street, N.W., Suite 800
Washington, D.C. 20005
(202) 783-6040

*Attorneys for Plaintiff*
*Chicago Board Options Exchange,*
*Incorporated*